Salim AHMED, Petitioner,

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 03–1068.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) (1993) Dec. 2, 2003.

Decided March 1, 2004.

Salim Sheikh, New York, NY, for Petitioner.

John D. Williams, Steven I. Frank, United States Department of Justice, Washington, DC, for Respondent.

Before SLOVITER, ALITO and FRIEDMAN,* Circuit Judges.

## OPINION OF THE COURT

FRIEDMAN, Circuit Judge.

In this case we review the Board of Immigration Appeals (Board)'s refusal to reopen and reconsider its prior decision that dismissed an appeal by a deportable alien from an immigration judge's denial of asylum and related relief. We deny the petition for review.

### I

The petitioner Salim Ahmed, a Bangladeshi citizen, entered the United States legally on a six month visitor's permit. He overstayed his visit by more than a year, and the Immigration and Naturalization Service instituted deportation proceedings against him. He admitted deportability, but sought asylum and withholding of deportation based on fear of persecution if returned to Bangladesh.

At the hearing before the immigration judge, Ahmed testified that he was a member of the Jatiya party, which opposed the Bangladesh National Party. In 1992 the National Party was in control of the government. Ahmed stated that in August 1992 he was arrested and imprisoned for ten days, during which he was kept in a small room and mentally tortured. Upon his release, he resumed his old job as a secretary to a member of parliament and returned to his old neighborhood of residence. He remained in Bangladesh for more than a year, until he left to visit the United States. While so visiting the United States, he obtained a Bangladesh passport.

In an oral opinion, the immigration judge denied asylum and withholding of deportation, but granted voluntary departure. He found that Ahmed had not shown prior persecution (which was based on his ten-day imprisonment) or fear of future prosecution. The immigration judge further found that the political situation in Bangladesh had changed, since the National Party no longer had complete control of the government, but shared power with the Jatiya party, members of which were now part of the government.

Ahmed appealed to the Board. More than three-and-a-half years later the Board, in a short order by a single member, dismissed the appeal. It ruled that "the Immigration Judge was correct in concluding that the respondent had not met his burden of proof to be eligible for the relief of asylum and withholding of deportation ...[,] [t]he treatment he suffered during his 10–day detention does not rise to the level of persecution ...[, and] [m]oreover, his fears of future persecution are not reasonable." As the Immigration Judge noted, "since the respondent's detention in 1992, the [National Party] has lost power and the respondent's own political party, the Jatiya Party, shares power with the Awami League."

Under the governing statute, Ahmed was required to file any appeal to this court from the Board's decision within thirty days. 8 U.S.C. § 1252(b)(1) (2000). Ahmed did not so file. Instead, approximately three months after the Board's decision, he filed with the Board a motion to reopen and reconsider, which the Board denied in an order of December 9, 2002. The Board denied reconsideration because

---

* Daniel M. Friedman, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

the request was not timely, since it was not filed within thirty days, as the regulations required. *See* 8 C.F.R. § 3.2(b)(2) (2002). The Board denied reopening because Ahmed "has failed to satisfy the heavy evidentiary burden relevant to reopening." It stated:

> In the present motion, the respondent largely attempts to reiterate arguments already made in the context of his appeal and already evaluated by this Board. A motion to reopen is not a substitute for an appeal. It is not to be used as an opportunity for a second effort at proving factual allegations.

## II

Although Ahmed attempts to argue the merits of his claim for asylum, his appeal is from the Board's order of December 9, 2002, denying reopening and reconsideration. The only question properly before us is the validity of that order.

The Board correctly denied reconsideration because Ahmed's request therefor was untimely, since filed approximately two months after the thirty-day period for filing had expired. The Board did not abuse its discretion in so acting.

The Board also did not abuse its discretion in refusing to reopen the proceedings. Ahmed sought reopening on the basis of a State Department report that the National Party had regained control of the government in Bangladesh. That changed circumstance did not aid him, because in the original decision, which the Board previously had upheld, the immigration judge had found that Ahmed had not shown a reasonable fear of persecution in Bangladesh at a time the National Party was in power.

The petition for review is denied.